IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLAVIN IVY,                              )
                                         )
            Plaintiff                    )        Case No. 1:21-cv-00109 (Erie)
                                         )
vs.                                      )
                                         )        HON. RICHARD A. LANZILLO
JOHN WETZAL et al.,                      )        UNITED STATES MAGISTRATE JUDGE
                                         )
            Defendants                   )
                                         )        MEMORANDUM OPINION
                                         )        ECF No. 6
                                         )

        Presently before the Court is a Motion for Preliminary Injunction filed by Plaintiff Glavin

Ivy ("Ivy").  ECF No. 6.  Because Ivy has not demonstrated an irreparable harm, his motion will be

**DENIED.**

I.    Factual and Procedural Background

        Ivy is an inmate currently incarcerated at the State Correctional Institution at Forest ("SCI-

Forest").  He alleges in his Complaint that the Defendants have violated his civil rights by denying

him access to legal research materials necessary to "maintain his court cases in light of the Covid-19

pandemic." *See* ECF No. 5, ¶6.  Ivy filed the instant motion for injunctive relief arguing the same.

ECF No. 6.  He alleges that he has several cases pending "before the courts of Pennsylvania which

are legitimate." *Id.*, p. 1 (citing Complaint, ¶ 7).  He claims to have suffered actual legal injury in one

case and "is likely to suffer more in the future." *Id.* (citing Complaint at ¶¶ 23-31).  He contends

that although the Defendants have made accommodations to meet other needs of the inmate

population, they have failed to accommodate his need to access the prison law library. *Id.* p. 2.  Ivy

acknowledges that he is currently permitted limited library access one-hour per week and through

the submission of inmate request forms for copies of legal research items.  He contends, however

that such individualized service is inadequate and, in any event, cost prohibitive. *Id.* (*see also* ECF

No. 5, ¶ 19).  As a result, Ivy claims that he is unable to meet court-imposed deadlines in various

actions pending in both federal court and Pennsylvania state court.  *Id.* p. 1.

The Court has searched and reviewed the dockets of each matter identified in Ivy's

Complaint.  ECF No. 5, ¶ 7.  This research has yielded the following information:

| Case | Nature of Action | Date of Last Filing | Status |
|---|---|---|---|
| *Commonwealth v. Ivy*, No. CP-43-cr-1780-2014 (Mercer County) | State court criminal case; conviction of record | 8/9/2021; appeal to the Superior Court pending (685 WDA 2021) | Appeal from denial of PCRA petition pending; awaiting possible appointment of counsel |
| *Ivy v. Johnson*, No. 1:18-cv-1506 (M.D. Pa.) | § 1983 prisoner civil rights action | 5/23/2021 (motion for extension of time to complete discovery) | Discovery to close on 8/26/2021; dispositive motions due by 9/24/2021 |
| *Ivy v. Kemp*, No. CP-31-cd-2020 (Forest County) | State court claims of retaliation, deliberate indifference (8th Amendment) and conversion | 7/06/21 (motion for pre-complaint discovery filed) | Pending on undismissed 8th Amendment claim |
| *Ivy v. Wetzal*, No. 1:20-cv-265 (W.D. Pa.) | § 1983 prisoner civil rights actions | Brief in opposition filed 1/22/21 | Pending; motion to dismiss and response taken under advisement |
| *Ivy v. Wellpath*, No. 1:21-cv-61 (W.D. Pa.) | § 1983 prisoner civil rights action | Motion to extend time to file certificate of merit; motion for appointment of counsel filed 8/2/21 | pending |
| *Ivy v. Wetzal*, No. 1:21-cv-109 (W.D. Pa.) (instant action) | § 1983 prisoner civil rights action | Brief in opposition to motion to dismiss filed 7/27/21 | Pending |

II.     Standard of Decision

"Temporary restraining orders and preliminary injunctions are governed under the same

standard."  *Scutella v. Erie Cty. Prison*, 2020 WL 1140719, at *1 (W.D. Pa. Mar. 9, 2020).  The party

seeking such relief has the burden of demonstrating: (1) a reasonable probability of success on the

merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not

result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Id.*, citing *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). An injunction should issue only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Further, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Williams v. Wolf*, 2020 WL 8181695, at *3 (W.D. Pa. July 2, 2020), *report and recommendation adopted*, 2021 WL 147045 (W.D. Pa. Jan. 15, 2021) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

"The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity." *Scutella* at *1 (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). The grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The facts must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *United States v. Stazola*, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing an irreparable injury. *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, preliminary injunctive relief will be denied. *See Acierno*, 40 F.3d at 655.

III.     Discussion

An irreparable harm must be imminent and actual. *Williams v. Nyberg*, 2021 WL 1624319, at *2 (W.D. Pa. Apr. 27, 2021).  Here, Ivy fails to demonstrate either.

First, Ivy has not shown an imminent injury.  The dockets in Ivy's active cases, *supra.*, reveal that he has no pending deadlines—nor has he missed any—in any of his federal or state cases.  *See, e.g., Martin v. Wetzel,* 2021 WL 2926005, at *17 (W.D. Pa. July 12, 2021) ("actual injury for an access to courts claim includes the inability to file a complaint)*; see also Townsend v. Palmer*, 2012 WL 5986964, at *3 (N.D. Fla. Sept. 26, 2012), *report and recommendation adopted sub nom. Townsend v. Carlmichael*, 2012 WL 5987398 (N.D. Fla. Nov. 29, 2012); *Cohea v. Adams*, 2009 WL 4017138, at *2 (E.D. Cal. Nov. 18, 2009), *report and recommendation adopted*, 2010 WL 1660518 (E.D. Cal. Apr. 22, 2010).  Because irreparable harm must be imminent, Ivy's lack of any pressing court deadlines negates the need for a preliminary injunction. *See DeFranco v. Miller*, 2021 WL 3168665, at *1 (W.D. Pa. July 27, 2021).  Further negating any inference of immediate or irreparable harm, Ivy has not demonstrated that the time he is permitted to use the prison law library is insufficient to conduct any research that may be necessary to develop his legal positions or comply with future deadlines.

Second, Ivy has not shown any actual harm.  Since the filing of the Complaint, Ivy has continued to file documents in this case and his other pending cases without material impediment due to COVID-related restrictions.  On July 16, 2021, he filed a Brief in Opposition to the motion to dismiss in this action which is neatly typed with relevant argument and appropriate case citations. *See* ECF No. 17.  This Court as well as others have also liberally extended deadlines when presented with a COVID-related or library restriction-related request. *See, e.g., Scutella*, 2020 WL 1140719, at *2–3 (citing *Camps v. Lyons*, 1990 WL 40881, *2 n.3 (E.D. Pa. Apr. 4, 1990) (refusing to dismiss complaint given plaintiff's allegation of a denial of sufficient law library time). Such accommodations have been extended to Ivy.  For example, on May 23, 2021, he filed a request to extend discovery in

*Ivy v. Johnson*, which the Court granted. *See* Case No. 1:18-cv-1506 (M.D. Pa.). And, as recently as last week, he filed motions in *Ivy v. Wellpath* seeking extensions of time. *See* Case No. 21-cv-061 (Erie), ECF Nos. 23, 24. Thus, Ivy cannot demonstrate that he has been irreparably harmed by current restrictions on access to the law library and related resources. At this point, any such harm is speculative, at best.

Next, an injunction cannot be issued based on past harm. *Croft v. Donegal Twp.*, 2021 WL 1110567, at *9 (W.D. Pa. Mar. 23, 2021). Thus, Ivy cannot show imminent and actual harm based on the past dismissal of his claims in state court.[1] *See Stevens v. Dickey*, 2019 WL 4749979, at *3 (W.D. Pa. Sept. 30, 2019) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (prisoner must allege facts sufficient to show he suffered an "actual injury" in that he lost a chance to pursue a nonfrivolous or arguable claim).

Finally, the United States Supreme Court has instructed that, when reviewing requests for injunctive relief, "the key word is irreparable … the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation." *Sampson v. Murray*, 415 U.S. 61, 69 (1974). Ivy's claim that he suffered an injury because meritorious claims in state court were dismissed due to his inability "to research cases and issues raised," is not an allegation of irreparable harm for injunctive purposes. *See* ECF No., 6, p. 2. If Ivy is able to establish that he lost his claims in state court because of an unconstitutional inability to access the prison law library, that injury can be remedied through an award of money damages. As the Court of Appeals for the Third Circuit has held, "[t]he availability of adequate monetary damages belies a claim of irreparable injury." *Frank's GMC Truck Ctr.*, 847 F.2d at 102; *see also In re Arthur Treacher's*

---

[1] Here, Ivy cites a case he filed in Forest County, Pennsylvania, in which he sought compensation for lost property. ECF No. 5, ¶ 24. Specifically, Ivy alleges that the DOC's law library restrictions prevented him from researching caselaw that would have enabled him to overcome the Defendant's affirmative defense of sovereign immunity. *Id.*, ¶ 28. The state court dismissed his claims based, in part, on that affirmative defense. *Id.*, ¶ 31. For purposes of Ivy's pending motion, the Court need not determine the validity of that claim.

*Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a ... loss capable of recoupment in a proper action at law.").  Here, Ivy's Complaint asks not only for $1500.00 as damages for the loss of his property but also seeks $20,000.00 as compensatory and punitive damages for his dismissed claim in state court.  ECF No. 5, ¶ VI(C)(1)-(2).  By acknowledging that this harm can be redressed by monetary compensation, Ivy has also acknowledged that any potential loss of his state court claims is an entirely reparable harm.

IV.     Conclusion

        For the foregoing reasons, Ivy's motion for preliminary injunction will be denied.  A separate order will issue.

        Entered this 10th day of August, 2021.

                                        _____
                                        RICHARD A. LANZILLO
                                        United States Magistrate Judge