IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| GLAVIN IVY, | ) |
| Plaintiff | ) Case No. 1:21-cv-00109 |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| JOHN WETZEL, SUPT. OBERLANDER, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) MEMORANDUM OPINION ON |
| Defendants | ) DEFENDANTS' MOTION TO DISMISS |
| | ) ECF NO. 14 |

I.  Introduction

Plaintiff Glavin Ivy ("Ivy") is an inmate currently incarcerated at the State Correctional Institution at Forest ("SCI-Forest"). He has filed the instant civil rights lawsuit alleging Defendants Wetzel ("Wetzel") and Oberlander ("Oberlander") failed to "provide adequate time or access to legal research materials necessary to maintain his court cases in light of the Covid-19 pandemic."[1] ECF No. 5, ¶ 6. The Defendants have filed a Motion to Dismiss. ECF No. 14. For the reasons stated below, the motion will be **GRANTED**.[2]

II. Standards of Decision

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In

---

[1] Ivy spells the last name of Defendant Wetzel incorrectly (*see* ECF No. 5, ¶ 4, "Wetzal"). The Court will use the correct spelling herein.

[2] The Parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1). *See* ECF Nos. 9, 13. The Court has jurisdiction over this civil rights case pursuant to 28 U.S.C. §§ 1331 and 1343(a).

deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, a court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Court of Appeals for the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Ivy is representing himself, the allegations in his Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag*, 454 U.S. at 354; *United States ex rel. Montgomery v. Bierley*, 141 F.2d at 555. With these standards in mind, the Court now turns to its analysis and discussion of the Complaint and the Defendants' motion.

III.    The Complaint

Ivy filed this civil rights action under 42 U.S.C. § 1983 alleging one claim for relief: that the Defendants efforts to curtail the coronavirus pandemic by limiting access to the prison law library unconstitutionally violated his rights to access the courts.[3] *See* ECF No. 5, ¶¶ 6-45. The

---

[3] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within

3

Complaint relates a detailed history of the restrictions put in place at SCI-Forest to limit access to the law library and other prison facilities. *See id.* He states that because of the limitations put in place, "he could not research case law" in his other pending lawsuits.[4] He further asserts that Defendants Wetzel and Oberlander violated his rights to access the courts because they "are in charge of the schedules and allocution of time." *Id.*, ¶ 42. He seeks declaratory and injunctive relief as well as compensatory and punitive damages.[5] *Id.*, pp. 5-6.

IV. Discussion and Analysis

    A. The Defendants' Motion to Dismiss will be granted because Ivy has failed to sufficiently allege their personal involvement.

To state a claim under § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Deemer v. City of Oil City*, 2021 WL 4391275, at *4 (W.D. Pa. Sept. 24, 2021) (citing *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also Sutton v. Rasheed*, 323 F.3d 236,

---

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[4] Ivy states that he has "several cases pending in Pennsylvania courts, all of which he manages pro se." ECF No. 5, ¶ 7. These include *Commonwealth v. Ivy*, CP-43-cr-0001780-2014, Mercer County Court of Common Pleas; *Ivy v. Johnson, et al.*, 1:18-cv-1506, Middle District of Pennsylvania; *Ivy v. Kemp, et al.*, Forest County Court of Common Pleas, 31-cd-2020; *Ivy v. Wetzal*, 1:20-cv-00265, Western District of Pennsylvania; and *Ivy v. Wellpath et al.*, Western District of Pennsylvania, 1:21-cv-0061. *Id.*

[5] The Court previously denied Ivy's motion for a preliminary injunction in this matter. *See Ivy v. Wetzal*, 2021 WL 3513999 (W.D. Pa. Aug. 10, 2021).

249 (3d Cir. 2003) (citing *Rode*)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. *See also Lahovski v. Rush Twp.*, 441 F. Supp. 3d 43, 51 (M.D. Pa. 2020).

Here, however, Ivy has not sufficiently alleged that these Defendants had the requisite personal involvement in denying his access to the law library. Ivy pleads that "because Supt. Oberlander and John Wetzal (sic) are in charge of the schedules and allocution of time, they are personally involved in Plaintiff's deprivation of his constitutional right to access the courts." ECF No. 5., ¶ 42. This unadorned assertion is insufficient to allege the personal involvement of either Defendant. Put another way, Ivy has not alleged that Defendant Wetzel, the Secretary of the Department of Corrections, or Oberlander, the Superintendent of SCI-Forest, personally undertook the ministerial function of scheduling Ivy's law library time or allocating available time to all inmates at SCI-Forest. This bald assertion is precisely the type of conclusory allegation that is insufficient to allege personal involvement.

Moreover, any attempt by Ivy to hold Wetzel and Oberlander liable for the actions of their subordinates is essentially an assertion of *respondeat superior* liability based on their supervisory role. This ground of constitutional liability has been squarely rejected by the courts. *See Rode,* 845 F.2d at 1207.

V.   Conclusion

In light of the foregoing, the Defendants'' Motion to Dismiss will be **GRANTED** and the claims against Defendants Wetzel and Oberlander will be **DISMISSED**.

VI.   Leave to Amend

The Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment

5

unless such an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Leave to amend is inappropriate if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). This instruction applies equally to pro se litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

The Court will therefore grant Ivy leave to amend his Complaint to rectify the deficiencies identified herein. The Court cautions Ivy that while it will permit an amendment, the access to courts claim cannot move forward against these Defendants unless he adequately explains what direct, personal involvement the named Defendants had in the alleged constitutional violations.

Furthermore, any Amended Complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992)). This means that the Amended Complaint must restate all allegations he plans to pursue. In his Amended Complaint, Ivy should (1) differentiate his claims among the defendant or defendants he is suing, (2) provide a short and plain statement of the facts in accordance with Rule 8 of the Federal Rules of Civil Procedure, (3) identify what each defendant did or did not do, when, for how long, and if the violations of rights are ongoing, (4) and what relief he is seeking. Further, he must make sufficient factual allegations to correct the deficiencies identified in this Memorandum Opinion.

An Order follows.

Entered this 10th day of November, 2021.

                                                  */s/ Richard A. Lanzillo*
                                                  RICHARD A. LANZILLO
                                                  United States Magistrate Judge