IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| GLAVIN IVY, ) | |
| ) | |
| ) | 1:21-CV-00109-RAL |
| Plaintiff, ) | |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE JUDGE |
| SUPT. OBERLANDER, ) | |
| ) | |
| ) | ORDER CONCERNING PLAINTIFF'S |
| Defendant, ) | RESPONSE TO DEFENDANTS' MOTION |
| ) | FOR SUMMARY JUDGMENT |
| ) | |
| ) | IN RE: ECF NO. 50 |
| ) | |

Pending before the Court is Defendant Oberlander's Motion for Summary Judgment. ECF No. 50. Plaintiff was directed to file a response to the motion on or before January 6, 2023. ECF No. 54. Plaintiff failed to file a response by that date. On January 26, 2023, Plaintiff was ordered to show cause for his failure to respond to the Defendant's motion by February 13, 2023. ECF No. 55. The Court received and docketed Plaintiff's response on February 16, 2023. ECF No. 56. In his response to summary judgment, Plaintiff submits that he was unable to file a response to the summary judgment motion because he lacked the funds necessary to mail discovery requests to opposing counsel; because he believed the Court would grant him an extension of time to complete discovery; and because he was unaware of what discovery the Defendant was seeking until Plaintiff's deposition, which took place on August 23, 2022. ECF No. 56.

1

Upon review, the Court finds Plaintiff's filing unresponsive and unpersuasive. By order dated June 21, 2022, discovery was to be completed in this case by September 19, 2022. *See* ECF No. 40. That same day, Plaintiff's motion to extend discovery was docketed. ECF No. 43. His belated motion failed to identify any discovery he wished to take and, more importantly, failed to provide a justification for filing the motion on the eve of the discovery deadline.

To the extent Plaintiff's response can be construed as a motion to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d), it is denied. *See, e.g., Desposito v. New Jersey*, 2022 WL 4626501, at *4 (D.N.J. Sep. 30, 2022) ("Plaintiff has not filed a substantive opposition brief to Defendants' summary judgment motion and instead appears to ask the Court to reopen discovery."). Rule 56 provides that, after a motion for summary judgment is filed, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Court of Appeals for the Third Circuit has held that an affidavit requesting such discovery is adequate if it specifies (1) "what particular information is sought; [(2)] how, if uncovered, it would preclude summary judgment; and [(3)] why it has not previously been obtained." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988)) (internal quotation marks omitted). If the nonmoving party submits an affidavit that meets these three requirements, the Third Circuit has observed that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984) (quoting *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977)). This is especially true where "relevant facts are under control of the party moving

for summary judgment." *Shelton v. Bledsoe,* 775 F.3d 554, 568 (3d Cir. 2015); *see also Banks v. City of Philadelphia*, 309 F.R.D. 287, 291–92 (E.D. Pa., 2015).

Here, however, Plaintiff has failed to provide the requisite affidavit or declaration. Further, he has not indicated in his response "what particular information or evidence he is seeking if discovery is reopened, how such information or evidence would preclude summary judgment, or why it was not previously obtained." *Desposito*, 2022 WL 4626501, at *4 (citing *Sebelius*, 674 F.3d at 157 ). Moreover, the docket in this case reflects that Plaintiff has both failed to take advantage of the discovery period and raise discovery issues in a timely manner. *Id*. To justify the reopening of discovery after the filing of a motion for summary judgment, a plaintiff must "affirmatively demonstrate[ ], with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). "A request for relief under Rule 56([d]) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." *Id*. (quoting 10A Wright & Miller, Federal Practice and Procedure § 2741 (1983)) (internal quotation marks omitted). Finally, Plaintiff's contention that his preparation of filings in other cases prevented him from meeting response deadlines in this case is not a basis for reopening discovery or an excuse for disregarding deadlines to response to the pending motions for summary judgment. Plaintiff's eleventh hour request to reopen discovery is denied.

And finally, the Court observes that the two grounds submitted by the Defendant for summary judgment (plaintiff's failure to request monetary relief in his initial grievance bars his federal claims; and that his access to courts claim fails as a matter of law) are largely legal, not factual arguments and do not involve facts exclusively in the control of the Defendant. Thus, it

3

is doubtful that additional fact discovery would generate material relevant to the Court's subsequent consideration of the motion.

However, given Plaintiff's pro se status, the Court will afford him one final opportunity to file his response to the Defendant's' motion. Plaintiff may file a response in opposition to the pending motion together with a responsive concise statement of material facts on or before <u>Friday, May 5, 2023</u>. Plaintiff's failure to do so may be construed as his abandonment of this case.

So ordered.

DATED this 21st day of April, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE